IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIE L. DUMAS, III

                Movant,

v.                                          Case No: 5:07-cv-00795

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Movant Willie L. Dumas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket 175]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On February 3, 2009, the Magistrate Judge submitted her Amended Proposed Findings and Recommendation ("PF&R") [Docket 197] and recommended that I grant the movant's Motion to Amend his 28 U.S.C. § 2255 Motion to Raise the Drug Ratio Disparity [Docket 185] and deny the movant's § 2255 Motion. For the reasons set forth below, I **ADOPT** the Magistrate Judge's findings, except that I **DENY** the movant's Motion to Amend, which I will treat as a petition for crack reduction and review separately. I also **DENY** the movant's § 2255 Motion.

**I. Factual and Procedural Background**

On March 19, 2004, at approximately 3:00 a.m., police knocked on the door of the movant's aunt's apartment in Beckley, West Virginia, and requested her permission to search her home,

which she granted. (Resp. 1-2 [Docket 188].) Five adults were in the apartment, the movant's aunt, Sharon Dumas; the movant; the movant's cousin, Emmanuel Stoumile; Missy Gore; and Sharmaine Jackson.[1] (PF&R 2, 8; Objection at 2 [Docket 209].) Behind the couch in the common area, the police found a shopping bag containing 178 grams of cocaine base and 126 grams of marijuana. (*Id.* at 3.) The movant admitted that he had transported the drugs. (*Id.*)

On November 22, 2004, the movant entered a conditional plea before me in the United States District Court for the Southern District of West Virginia, Beckley Division, to a single count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Mot. ¶¶ 2-5.) He preserved the right to challenge the district court's denial of his motion to suppress evidence from the shopping bag and his subsequent statement to the police. (Resp. 4.)

The movant qualified as a career offender under USSG § 4B1.1, which made his offense level 34. (*Id.* at 5.) On May 25, 2009, I sentenced him to 262 months of imprisonment and five years of supervised release. (Mot. ¶ 4.)

The movant appealed only on the issue of illegal search and seizure to the Court of Appeals for the Fourth Circuit, which affirmed his conviction. (*Id.* ¶ 9.) He also petitioned the United States Supreme Court for certiorari, which was denied. (*Id.*)

The movant raises three grounds for relief in his § 2255 Motion. First, he alleges that he was denied effective assistance of counsel. (*Id.* ¶ 12.) Second, he claims that his guilty plea was not

---

[1] Missy and Sharmaine's last names were unknown to the movant until after he filed the § 2255 Motion. (Objection at 2.)

knowingly, intelligently, and voluntarily made. (*Id.*) Finally, he asserts that he was deprived of effective assistance of appellate counsel. (Mem. Supp. Mot. 18 [Docket 176].)

On December 7, 2007, the movant moved this court to vacate, set aside, or correct his sentence. On February 8, 2008, he moved to amend his motion to include a claim that he was incorrectly sentenced under the 100-to-1 crack to cocaine ratio disparity. The government responded on March 31, 2008, and the movant replied on June 9, 2008 [Docket 190]. After the Magistrate Judge filed her PF&R, the movant timely submitted his objections. The motion is now ripe for review.

## II. Discussion

In his Objections, the movant lists thirteen numbered objections. Some of these "objections" merely reiterate claims raised in the movant's § 2255 Motion, and others are not true objections. However, for the purposes of clarity, I will summarize and review each enumerated objection.

The movant's objections may be grouped into the following categories. First, the movant objects to various findings by the Magistrate Judge that counsel was not ineffective during pre-trial activities and throughout the plea process. (Objection Nos. 2, 3, 4, 5, 6, 8, 9.) Second, he objects to the Magistrate Judge's finding that his statement to police was not given under duress. (*Id.* No. 7.) Third, he objects to the Magistrate Judge's finding that he had no expectation of privacy in a shopping bag in his aunt's apartment. (*Id.*) Fourth, he objects to the finding that his plea was voluntary. (*Id.* No. 10.) Fifth, he asserts that an evidentiary hearing is required because "[m]ost of [his] allegations relate to matters that are not contained in the existing record . . . ." (*Id.* No. 11; Mem. Supp. Mot. 19.) Sixth, he objects to the Magistrate Judge's finding that the crack/cocaine

disparity is irrelevant. (Objection No. 12.) Finally, he lists two miscellaneous "objections" that I have determined are not true objections. (*Id.* Nos. 1, 13.)

### A. Legal Standard for Review of a § 2255 Motion

Failure to object to a magistrate judge's report may be deemed a waiver on appeal of the substance of the report or on a portion thereof. *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir. 1983). Therefore, to accept the portions of the PF&R to which the movant did not object, I need only to determine that there is no clear error on the face of the record. *See id.* at 199-200. The portions of the PF&R to which the movant objects, I review *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

### B. Ineffective Assistance of Counsel

The movant first objects to the Magistrate Judge's finding that counsel was not ineffective. In an ineffective assistance of counsel claim, the defendant's burden to show that counsel was ineffective is high. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In *Strickland*, the Supreme Court adopted a two-prong test that courts must apply to determine whether counsel was ineffective. First, "the defendant must show that counsel's performance was deficient." *Id.* at 687. To satisfy this prong, the defendant must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Id.* Furthermore, the defendant must overcome the presumption that counsel's strategy and performance was sound, and courts considering an ineffective assistance of counsel claim must be highly deferential to counsel's performance and must not indulge in criticism based on hindsight. *Id.* at 689. Second, "the defendant must show that the deficient performance prejudiced the defense" and that there is a reasonable probability, but for this deficient performance, "the result of the proceeding would have been different." *Id.* at 687, 694.

In Objections 2, 5, and 6, the movant objects to Attorney Stanley Selden's statements that he adequately investigated facts related to suppression of the contents of the shopping bag and reiterates his claim that trial counsel should have sought the last names of the two females present in the apartment at the time of the search, interviewed them, and had them testify at the suppression hearing. (Objection at 1-4.)

In *Bassette v. Thompson*, the Court of Appeals for the Fourth Circuit noted that a defendant cannot establish ineffective assistance of counsel by claiming that counsel should have investigated potential witnesses unless the defendant can "advise [the court] of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called . . . ." 915 F.2d 932, 941 (4th Cir. 1990). The movant admits that he "did not state specifically [to Mr. Selden] what these witnesses would have testified," only that they would be needed at a suppression hearing, and he fails to provide this court with any affidavits or other statements about what these witnesses might have said if they had been called to testify. (Objection at 2.) Furthermore, the Magistrate Judge considered the movant's claims, and she recommends that I find that "Mr. Selden provided effective assistance of counsel . . . with respect to the investigation, research, and litigation of [the movant's] Fourth and Fifth Amendment claims." (PF&R 6, 10, 18.) Therefore, I **FIND** that Objections 2 and 6, and the relevant parts of Objection 5 are without merit.

In Objections 3 and 5, the movant does not explicitly object to the Magistrate Judge's determination that there was no evidence that a sequestered witness, Detective Montgomery, discussed his testimony with other police officers during a break, but he remarks that "Counsel allowed this violation to go uncorrected" and "failed to move for Montgomery's testimony to be stricken . . . ." (Objection at 2.) Even though the movant actually did not object, I will treat this

-5-

assertion as an objection. The Magistrate Judge noted that although Mr. Selden did not question Detective Montgomery about his conversation with other officers, Mr. Selden did question another officer as to whether he discussed Detective Montgomery's testimony with him, which the officer denied. (PF&R 11-12.) Because there is no evidence that Detective Montgomery discussed his testimony with other officers, I **FIND** that Objection 3 and the relevant part of Objection 5 are without merit.

In Objection 4, the movant objects to Mr. Selden's affidavit as false and misleading. (Objection at 3.) Specifically, he objects to Mr. Selden's statement that I, as presiding judge, allowed rather than ordered additional briefs to be filed regarding the movant's standing to challenge the search and seizure, and that a brief filed by another attorney for the movant's co-defendant, "included anything [Mr. Selden] might have submitted . . . ." (*Id.*) The Magistrate Judge noted that I directed the parties to file briefs on the issue of standing, but that neither party submitted a memorandum and this was documented in my Order of October 4, 2004. (PF&R 13-14.) She also noted that my "Order discussed at length the issue of standing to contest the search and seizure of the . . . bag." (*Id.* at 14.) Furthermore, the Fourth Circuit affirmed my decision on the motion to suppress. (*Id.* at 15 (citing *United States v. Dumas*, 190 Fed. Appx. 310, 311 (4th Cir. 2006)).) Because the issue of standing was thoroughly considered by me and affirmed by the Fourth Circuit, I **FIND** that Objection 4 is without merit. Furthermore, because Objection 5 also covers Mr. Selden's statement of his actions regarding the suppression hearing, I **FIND** that this part of Objection 5 also is without merit.

In Objection 8, the movant does not actually raise an objection to a finding of the Magistrate Judge. Instead, he "rel[ies] on presented facts" in his § 2255 Motion regarding counsel's failure to

properly advise the movant during plea negotiations and the guilty plea process. (Objection at 6.) Accordingly, I need only determine that there was no clear error in the PF&R. *Camby,* 718 F.2d at 199-202. I **FIND** no clear error in the portions of the PF&R regarding the plea negotiations and guilty plea process.

In Objection 9, the movant noted that trial counsel, Mason Preston, failed to

> [o]bject to the presentence report, [m]ove for a downward departure under USSG § 4A1.3, [o]bject to the use of extraneous facts establishing [his] prior conviction [was] a 'crime of violence' for Career Offender Classification, [a]rgue that [his] prior Ohio conviction for intimidation of a Witness was not a crime of violence, and [a]dvise [him] that he could make a Collateral Challenge to his Ohio conviction."

(Objection at 6-7.) The movant, however, does admit that Mr. Preston "objected to Career Offender enhancement and argued that he did not have the true predicate offenses."[2] (*Id.* at 10.) The movant claims in his Objections that Mr. Preston was ineffective because he failed to object at the sentencing hearing to my characterizations that (1) the movant was helping bring in large quantities of crack cocaine, (2) he had previously engaged in violent behavior, and (3) his sentence was not drastic or disproportionate. (*Id.* at 12-13.) I will address these one at a time.

The movant first alleges that counsel should have objected to my characterization that the movant was bringing in large quantities of crack. The movant brought 178 grams of cocaine base into West Virginia. (PF&R 3.) The movant's claims that he was only a "mule" and that "six ounces" is not "very large quantities" are subjective assertions that do not dispute the facts. (*See* Objection at 12.) He pled guilty to bringing in 50 grams or more and was sentenced at the low end

---

[2] I found that earlier convictions for sales of cocaine base and for intimidation of a witness each qualified as predicate offenses for the enhancement. (Objection at 10.)

of the guidelines based on that amount and the career offender enhancement.  Therefore, I **FIND** that counsel's failure to object to my statement that the movant brought in large quantities of crack cocaine was neither deficient and nor prejudicial to the movant.

The movant also alleges that I inappropriately considered extraneous facts related to his Ohio conviction of intimidation of a witness.  (*Id.* at 12.)  At his sentencing hearing, I found, based on the Ohio indictment and the Ohio code, that intimidation of a witness, to which the movant had pled guilty, was a crime of violence and a predicate offense for career offender enhancement.[3]  (PF&R 34-35.)  The movant alleges I relied on unproven information when I commented that "[m]y information is . . . he had actually threatened [the witness] with a knife and was convicted of intimidating a witness." (Objection at 12.)  According to *Shepard v. United States*, I could consider

---

    [3]     The movant pled guilty to intimidation of a witness, Ohio Revised Code § 2921.04, which states:

> (B)  No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness.
>
> (D)  Whoever violates this section is guilty of intimidation of an attorney, victim, or witness in a criminal case. . . . A violation of division (B) of this section is a felony of the third degree.

Oh. Rev. Code § 2921.04 (B), (D).

The Indictment in that case stated that:

> Willie L. Dumas . . . in violation of section 2921. 04 . . . did knowingly and by force or unlawful threat of harm to any person or property, attempt to influence, intimidate or hinder a witness involved in a criminal action or proceeding . . . .

(PF&R 35-36.)

the statute, the indictment, any written plea agreement, and the trial court colloquy if the defendant confirms the factual basis for the plea.  544 U.S. 13, 26 (2005).  During that colloquy, the Ohio judge stated that the movant "took a knife and held it to her neck;" the movant denied he had a weapon.  (PF&R 33.)  Therefore, I could not consider that statement in determining whether the crime was one of violence.  However, the statute makes an "attempt to influence, intimidate, or hinder" a witness "by force or by unlawful threat of harm" a crime of violence; the indictment alleged those elements; and the movant pled guilty to the charge.  Accordingly, I **FIND**, based solely on the statute, indictment, and plea, that the movant intimidated a witness, which is a crime of violence, and that counsel's failure to object was neither deficient nor prejudicial to the movant.

Finally, the movant claims that counsel should have objected to my statement that his sentence was not "drastic or disproportionate" because his only predicate conviction should have been for the drug sales, since the intimidation of the witness conviction was unconstitutional on its face.  (Objection at 13-14.)  However, "a district court must count as a predicate conviction a prior state court offense that has not been reversed, vacated, or invalidated," and, unless that conviction was obtained without counsel, the "defendant in a federal sentencing proceeding cannot collaterally challenge a prior conviction used to enhance his sentence on federal constitutional grounds . . . ." *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004) (citation omitted).  Mr. Preston swears in his affidavit that he "present[ed] as much collateral attack on the Ohio conviction as the Trial Court would allow."   He filed a memorandum, and argued that the movant should not be sentenced as a career offender.  (PF&R 27 (citing Resp., Ex. B at 3-4), 29.)  The issue raised by the movant is not whether the sentence imposed was drastic and disproportionate but whether Mr. Preston's failure to object to the sentence was deficient and prejudiced the movant.  Because I was required

to consider the prior convictions for the purpose of the career offender enhancement and could not permit a collateral attack against those convictions in federal court, I **FIND** that Mr. Preston's failure to object to either the use of the predicate convictions for career enhancement purposes or my characterization of the sentence as neither drastic nor disproportionate, was not deficient and did not prejudice the movant.

After reviewing each of the movant's specific objections regarding the Magistrate Judge's determination that he was not denied effective assistance of trial counsel, I conclude that he has not met his burden of showing that either Mr. Selden's or Mr. Preston's representation was deficient, let alone that he was prejudiced by any deficiency. Therefore, I **ADOPT** the Magistrate Judge's recommendation and **FIND** that "Mr. Seldon provided effective assistance of counsel . . . with respect to the investigation, research and litigation of [the movant's] Fourth and Fifth Amendment claims." (PF&R 18.) Furthermore, I **FIND** that Mr. Preston provided effective assistance of counsel to the movant with respect to negotiation of the plea agreement, entry of the guilty plea, sentencing, and his decision not to re-open the motion to suppress. (*Id.* at 25, 36.) Accordingly, I **DENY** the movant's § 2255 Motion on the claim of ineffective assistance of counsel.

### C. Duress

In Objection 7, the movant objects to the Magistrate Judge's finding that his statement to police was not given under duress. Specifically, he objects to her finding that he was handcuffed for only 45 minutes and argues that he was not only handcuffed for the 45 minutes between his arrest and his statement, but also during part of the time the police searched his aunt's apartment. (Objection at 4.) The movant claims that he gave his statement to police only because he was deprived "of sleep, water, restroom facilities and threats by officers." (Mem. Supp. Mot., Ex. 1 ¶¶

13, 15.) The Magistrate Judge found that the police arrived at the apartment at approximately 3:00 a.m. and stayed for about an hour. (PF&R 15.) The movant was arrested and taken to the police station. (*Id.*) He signed the *Miranda* waiver form at 4:23 a.m. and gave his statement at 5:03 a.m. (*Id.*) The time between his arrest and the signing of the *Miranda* waiver was less than a half-hour. Furthermore, the movant signed a statement that "[n]o promises or threats have been made to me and no pressure or coercion of any kind has been used against me." (*Id.* at 16.) If the movant was handcuffed at the beginning of the search, which he does not allege, the maximum time he could have been handcuffed was one hour and 45 minutes. I agree with the Magistrate Judge's conclusion that handcuffing the movant during this time was not "unreasonable coercion." Accordingly, I **FIND** that even if the movant was handcuffed longer than 45 minutes, the movant was not unreasonably coerced when the entire incident from search to statement lasted only two hours.

### D. Expectation of Privacy

Also in Objection 7, the movant objects to the Magistrate Judge's finding that a visitor in a residence has no expectation of privacy in a plastic shopping bag in a common area. (Objection at 4.) But as the Supreme Court noted, "the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (citation omitted). "[O]vernight houseguests have a legitimate expectation of privacy in their temporary quarters," and co-tenants have even a stronger claim. *Georgia v. Randolph*, 547 U.S. 103, 113 (2006). Yet the Supreme Court held that one co-tenant may authorize a search of a common area without the consent of another co-tenant, *id.* at 128, and because the rights of co-tenants are

stronger than the rights of overnight guests, the owner of a resident may authorize a search of a common area without the consent of the overnight guest.

In this case, the movant's aunt, the owner of the apartment, authorized a search of her home. (Resp. 2.)  The police noticed shopping bags at the feet of the movant and his co-defendant and asked who owned the bags.  When the movant and his co-defendant claimed ownership, the police asked permission of them to search the bags, which was granted.  (*Id.*)  The police then asked the movant and his co-defendant to move to the kitchen.  (*Id.* at 3.)  The police officer thereafter found another bag behind the couch, held it up for the movant and his co-defendant to see, and asked who owned it.  (*Id.*)  Neither the movant nor the co-defendant claimed ownership.  (*Id.*)  The unclaimed bag was in the common area of the apartment to which the owner gave permission to search.  Yet, the movant could have claimed the bag and denied consent to the search.  He did not.  Because the movant did not claim the bag and assert a right to privacy in it, I do not have to determine whether a legitimate expectation of privacy in that bag.  *See Rakas*, 439 U.S. at 143.  Furthermore, the Magistrate Judge concluded that, as a visitor in the residence, the movant had no expectation of privacy in a plastic shopping bag in the common area. (PF&R 17.)  Accordingly, I **FIND** that the movant had no expectation to privacy in the bag.

### E. Voluntariness of Plea

In Objection 10, the movant reiterates his assertion from his § 2255 Motion that his plea was not voluntarily and intelligently made.  (Objection at 14.)  At the plea hearing, I asked the movant if he was satisfied with the legal advice Mr. Preston gave him and he replied, "yes."  (Trial Hr'g Tr. 6 [Docket 129 (5:04-cr-00058-1)].)  During that hearing, when a plea was first presented to the court, I asked the movant if he wished to enter the plea and he hesitated, so I refused to accept the

plea. (*Id*. at 16.) After a break, the movant returned, having reached another agreement. (*Id.* at 17.) I read the charges to him and confirmed that there was a factual basis for the plea. (*Id.* at 17-23, 26-30.) I then asked questions of the movant and listened to his responses to ensure that the movant understood the consequences of his plea, including the maximum penalty. (*Id.* at 31-39.) Finally, the movant assured me that no one had forced, threatened, coerced, or intimidated him into accepting the plea and that he entered it voluntarily. (*Id.* at 39.) After reviewing the trial hearing transcript, I **ADOPT** the Magistrate Judge's recommendation and **FIND**, "based on the movant's own statements made under oath at the guilty plea hearing, that the movant has failed to show that his guilty plea was not knowing and voluntary." (PF&R 38.)

### F.  Evidentiary Hearing

The movant requested an evidentiary hearing on the § 2255 Motion. (Mem. Supp. Mot.) In his Objections, he reiterates his request, but does not explicitly object to the Magistrate Judge's finding that no hearing is necessary. (Objection at 14.) Therefore, I review this portion of the PF&R only for clear error. *Camby*, 718 F.2d at 199-200. After such review, I **ADOPT** the Magistrate Judge's recommendation and **FIND** that "the claims raised by [the movant] can be resolved by review of documents which comprise the record in his case and that an evidentiary hearing is not required." (PF&R 38.)

### G. Movant's Declaration

In Objection 1, the movant states that he inadvertently omitted his signature on a "declaration" that he submitted in support of his § 2255 Motion. (Objection at 1.) I note that he submitted a signed copy with his Objections, which is now part of the record in this case.

### H. Ohio Conviction

According to the movant, he filed a post-conviction proceeding in the Franklin County Court of Common Pleas. (Reply 16.) In Objection 13, the movant objects to the Magistrate Judge finding that the movant had not so filed, and he attached a copy of the Motion to Alter and/or Amend Writ of Error Coram Nobis. (Objection at 15 & Ex. 2.) I **FIND** that the movant did file for post-conviction relief from his Ohio conviction of intimidating a witness. This finding, however, does not affect my review of the PF&R. The conviction must be overturned by the Ohio court before I can consider changing the movant's status from career offender to non-career offender and adjust his sentence accordingly. *See Hondo*, 366 F.3d at 365.

### I. Motion to Amend

The movant moves to amend his § 2255 Motion to raise the drug ratio disparity issue. (Mot. Amend.) Rather than address this issue in this Order, I will treat the requested amendment as a petition for crack reduction and address it separately. Therefore, I **DENY** the movant's motion to amend his § 2255 Motion.

### J. Remainder of the Report

The movant raises no objections to the remaining portions of the PF&R. After reviewing those portions for clear error, I **ADOPT** the Magistrate Judge's findings, except that I **DENY** the movant's motion to amend his § 2255 Motion.

## III. Conclusion

For the reasons stated above, I **ADOPT** the PF&R except as to the Magistrate Judge's finding that I should grant the movant's motion to amend. I **DENY** the movant's Motion to Amend his § 2255 Motion to Raise the Drug Ratio Disparity [Docket 185] and the movant's § 2255 Motion

[Docket 175].  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  April 17, 2009

        _____
        Joseph R. Goodwin, Chief Judge